UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KWAME KILPATRICK, ET AL.,

    Defendants.
    _____/

Case No. 10-20403

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT FERGUSON'S MOTION TO DISMISS COUNTS 6, 13, 16 AND 17 FOR FAILURE TO STATE AN OFFENSE [80]**

This matter came before the Court at an August 6, 2012 hearing on Defendant Ferguson's motion to dismiss Counts 6, 13, 16, and 17 for failure to state an offense [80]. Defendant Kwame Kilpatrick filed a joinder [105]. The government has dismissed Counts 6 and 13, and thus this Court need only address Defendant's arguments regarding Counts 16 and 17.

As to Counts 16 and 17, the government persuasively argues that these counts should not be dismissed because each properly states an offense against Defendant Ferguson for aiding and abetting Defendant Kwame Kilpatrick's crime of taking a bribe in violation of 18 U.S.C. § 666(a). For the following reasons, Defendant Ferguson's motion to dismiss Counts 16 and 17 is DENIED.

**A. Analysis**

In the Fourth Superseding Indictment, Defendant Bobby Ferguson is charged in 22 counts as follows:

Count 1:  RICO conspiracy, in violation of 18 U.S.C. § 1962(d);

Counts 2-5, 7-12:  Interference with Commerce by Extortion, in violation of 18 U.S.C. § 1951;

Counts 6, 13, 16-17:  Bribery Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666(a).

Counts 40-46:  Money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

This motion concerns Counts 16 and 17. Defendant Ferguson argues that Section 666(a) is divided into two sections: Section 666(a)(1)(B) covers public officials who corruptly solicit or accept a bribe with the intent to be influenced or rewarded in connection with government business involving $5,000 or more; and Section 666(a)(2) covers private actors who corruptly give or offer a bribe to public officials in connection with government business involving $5,000 or more. Thus, Defendant Ferguson argues, Section 666(a)(1)(B) covers the bribe-taker and section 666(a)(2) covers the bribe giver. Because Counts 16 and 17 allege only the acts and mental state of the alleged bribe-taker – Defendant Kwame Kilpatrick – and not the alleged bribe-giver – Defendant Bobby Ferguson initially argued that these Counts fail to state an offense under section 666(a) against him. In light of the government's assertions in its response that Counts 16 and 17 charge Defendant Ferguson with aiding and abetting Defendant Kwame Kilpatrick's crime of taking a bribe in violation of 18 U.S.C. § 666(a), Defendant Ferguson now argues that Counts 16 and 17 must be dismissed because they fail to allege the elements of aiding and abetting and fail to state how Defendant Ferguson aided and abetted Defendant Kwame Kilpatrick's violation of § 666(a). The government responds that each count properly states an offense against Defendant Ferguson for aiding and abetting Defendant Kwame Kilpatrick's crime of taking a bribe in violation of 18 U.S.C. § 666(a). The Court agrees with the government.

Counts 16 and 17 are as follows:

## COUNT SIXTEEN

(18 U.S.C. § 666(a) - Bribery Concerning Programs Receiving Federal Funds - $90,000 Bribe)

D-1    Kwame M. Kilpatrick
D-2    Bobby W. Ferguson

   1.  The Grand Jury incorporates by reference paragraphs 1 through 6 of the "General Allegations" above, as well as Count One above, as if they were set forth in full herein.

   2.  On or between about mid September 2008 and late October 2008, in the Eastern District of Michigan, defendant KWAME M. KILPATRICK, while an agent of the City of Detroit, an entity that received more than $10,000 in federal funding during the calendar year 2008, did corruptly solicit and demand for the benefit of any person, and accepted and agreed to accept about $90,000 in cash from defendant BOBBY W. FERGUSON, which was delivered in installments on or about mid September 2008, in Southlake, Texas, and on or about late October 2008, in Detroit, Michigan, intending to be influenced and rewarded in connection with business and transactions of a value of $5,000 or more with the City of Detroit, that is, KWAME KILPATRICK'S assistance in steering City contracts to FERGUSON and pressuring persons with City contracts to hire or pay FERGUSON.

   All in violation of Title 18, United States Code, Sections 666(a) and 2.

## COUNT SEVENTEEN

(18 U.S.C. § 666(a) - Bribery Concerning Programs Receiving Federal Funds - $75,000 Bribe)

D-1    Kwame M. Kilpatrick
D-2    Bobby W. Ferguson

   1.  The Grand Jury incorporates by reference paragraphs 1 through 6 of the "General Allegations" above, as well as Count One above, as if they were set forth in full herein.

   2. On or about mid March 2008, in the Eastern District of Michigan, defendant KWAME M. KILPATRICK, while an agent of the City of Detroit, an entity that received more than $10,000 in federal funding during the calendar year 2008, did corruptly solicit and demand for the benefit of any person, and

accepted and agreed to accept $75,000 from defendant BOBBY FERGUSON's company, Ferguson Enterprises, Inc., which was deposited into the Kilpatrick Civic Fund, intending to be influenced and rewarded in connection with business and transactions of a value of $5,000 or more with the City of Detroit, that is, KWAME M. KILPATRICK's assistance in steering City contracts to FERGUSON and pressuring persons with City contracts to hire or pay FERGUSON.

All in violation of Title 18, United States Code, Sections 666(a) and 2.

(Fourth Superseding Indictment at 80-81.)

In *United States v. McGee*, 529 F.3d 691 (6th Cir. 2008), the Sixth Circuit rejected an argument similar to one Defendant Ferguson raises in his Reply – that his due process rights were violated because he was not properly placed on notice of the charges against him. *See id.* at 695. Rather, as the *McGee* court observed, the Sixth Circuit "interpret[s] aiding and abetting as a theory of liability 'embodied in every federal indictment, whether specifically charged or not,' and not a distinct substantive crime." *Id.* (quoting *United States v. Floyd*, 46 F. App'x 835, 836 (6th Cir. 2002)). Put simply, a defendant charged as a principal may be convicted based on the uncharged theory of aiding and abetting as long as the indictment provided notice of the underlying substantive offense. *See id.* at 695-96.

Unlike the indictment in *McGee*, Counts 16 and 17 in the Fourth Superseding Indictment do allege violations of both 18 U.S.C. § 666(a) and the aiding and abetting statute, 18 U.S.C. § 2. Consistent with Sixth Circuit precedent, a bribe-giver can be properly charged with aiding and abetting a public official who accepts the bribe.

Section 2 provides, in pertinent part, that "whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2. To establish a violation of Section 2, the

4

government must prove: (1) an act by the defendant that contributed to the execution of the crime; and (2) "the intent to aid in the crime's commission." *United States v. Gardner*, 488 F.3d 700, 711 (6th Cir. 2007). The government must prove that the aider and abettor "in some way associate[d] himself with the venture such that his participation [was] intended to bring about the crime or make it succeed." *United States v. Samuels*, 308 F.3d 662, 666-67 (6th Cir. 2002) (internal quotation marks and citation omitted).

Despite Defendant Ferguson's arguments to the contrary, the language in the Fourth Superseding Indictment properly charges Defendant Ferguson as an aider and abettor of Defendant Kwame Kilpatrick's crime of accepting a bribe in violation of § 666(a). First, the aiding and abetting statute, 18 U.S.C. § 2 is expressly charged in both Counts 16 and 17. The language in these Counts also state the essential elements of the crimes that Defendant Ferguson is charged with aiding and abetting. Second, the language in Counts 16 and 17 also provides details about the actions Ferguson took to aid and abet those crimes. Specifically, both detail that Ferguson or his instrumentality (Ferguson Enterprises) delivered tens of thousands of dollars to Defendant Kwame Kilpatrick, by cash or by check, intending that Kilpatrick be influenced by or rewarded for steering City contracts to Ferguson and for pressuring City contractors to pay Ferguson. Third, Counts 16 and 17 expressly incorporate by reference the RICO conspiracy count in addition to some general allegations. Thus, the Fourth Superseding Indictment provides sufficient detail to place Ferguson on notice regarding his specific role in the crimes alleged and to notify him of the aiding and abetting charges asserted against him in Counts 16 and 17. *See Unites States v. Davis*, 306 F.3d 398, 412 (6th Cir. 2002) (rejecting the defendant's argument that his "indictment was defective because it failed to state what, if any, affirmative act in

5

furtherance of the crimes charged he performed," and observing that "[a]n indictment is not defective merely because it does not explain in what respect the defendant aided or abetted" and further observing that the indictment at issue "provided Defendant with adequate notice of the crimes for which he was charged and was not constitutionally defective."). *See also United States v. Harris*, 523 F.2d 172, 174 (6th Cir. 1975) (holding that an indictment charging the defendant with aiding and abetting, "although inartistically drawn," was not "fatally defective" because it "fairly informed him of the crime charged," and "was certainly adequate to enable him to prepare his defense and also provide a basis for a plea of double jeopardy if charged again."). There is no formalistic requirement for the grand jury to charge a defendant with aiding and abetting where the defendant is on notice that he is charged as an aider and abettor. Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a plain written statement of the essential facts constituting the offense charged, and that requirement is satisfied here.

### B. Conclusion

For the above-stated reasons, Defendant Ferguson's motion to dismiss Counts 16 and 17 is DENIED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: August 7, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 7, 2012, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager