UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KWAME KILPATRICK, ET AL.,

    Defendants.
                                     /

Case No. 10-20403

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT FERGUSON'S MOTION TO DISMISS "COLOR OF OFFICIAL RIGHT" THEORY FROM COUNTS 4, 5, 9 AND 11[81] AND DENYING DEFENDANT BERNARD KILPATRICK'S REQUEST IN HIS JOINDER [115] FOR DISMISSAL OF "COLOR OF OFFICIAL RIGHT" THEORY IN COUNT 15**

This matter came before the Court at a hearing held on August 6, 2012 on Defendant Ferguson's motion to dismiss the "color of official right" theory from Counts 4, 5, 9, and 11 [81].  Defendants Kwame Kilpatrick, Victor Mercado, and Bernard Kilpatrick filed joinders [106, 149, 115].  Although Defendant Bernard Kilpatrick filed a Joinder [115] in Defendant Ferguson's motion he is not charged in Counts 4, 5, 9, and 11.  Rather, his Joinder seeks to challenge an entirely different Count – Count 15 – by raising the same argument addressed in Defendant Ferguson's motion – that a charge of extortion under the "color of official right" theory requires allegations that a public official received the extortionate payment.  For the reasons stated below, Defendant Ferguson's motion is DENIED, and Defendant Bernard Kilpatrick's similar request as to Count 15 is also DENIED.

    **A.  Analysis**

### 1. Defendant Ferguson's Motion - Counts 4, 5, 9, and 11

The Counts at issue in Defendant Ferguson's motion allege the following against Defendants Ferguson, Kwame Kilpatrick, and Victor Mercado.

### COUNT FOUR
(18 U.S.C. § 1951 - Interference with Commerce by Extortion - Baby Creek/Patton Park)

D-1    Kwame M. Kilpatrick
D-2    Bobby W. Ferguson
D-4    Victor M. Mercado

　1. The Grand Jury incorporates by reference paragraphs 1 through 6 of the "General Allegations" above, as well as Count One above, as if they were set forth in full herein.

　2. From in and between February 2003 and 2008, in the Eastern District of Michigan, defendants KWAME M. KILPATRICK, BOBBY W. FERGUSON, and VICTOR M. MERCADO, <u>aiding and abetting each other</u>, did knowingly and unlawfully obstruct, delay and affect interstate commerce through extortion, in that they obtained from *Company W* more than $5 million in work for FERGUSON and his affiliated companies at Baby Creek and Patton Park, with the consent of *Company W* induced by wrongful fear of economic harm and under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

### COUNT FIVE
(18 U.S.C. § 1951 - Attempted Interference with Commerce by Extortion - Oakwood Pump Station)

D-1    Kwame M. Kilpatrick
D-2    Bobby W. Ferguson
D-4    Victor M. Mercado

　1. The Grand Jury incorporates by reference paragraphs 1 through 6 of the "General Allegations" above, as well as Count One above, as if they were set forth in full herein.

　2. From in or about January 2007 to about April 2007, in the Eastern District of Michigan, defendants KWAME M. KILPATRICK, BOBBY W. FERGUSON, and VICTOR M. MERCADO, <u>aiding and abetting each other</u>, did knowingly and unlawfully obstruct, delay and affect interstate commerce through extortion, in

that defendants KWAME KILPATRICK, FERGUSON, and MERCADO pressured *Company W* to consent to partner with FERGUSON in a $140 million construction project at the Oakwood pump station, and attempted to induce that consent by wrongful fear of economic harm and under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

### COUNT NINE
(18 U.S.C. § 1951 - Interference with Commerce by Extortion - Repair of Eastside Water Mains)

D-1   Kwame M. Kilpatrick
D-2   Bobby W. Ferguson

   1. The Grand Jury incorporates by reference paragraphs 1 through 6 of the "General Allegations" above, as well as Count One above, as if they were set forth in full herein.

   2. From in or about the Spring of 2006 to about August 2008, in the Eastern District of Michigan, defendants BOBBY W. FERGUSON and KWAME M. KILPATRICK, <u>aiding and abetting each other</u>, did knowingly and unlawfully obstruct, delay and affect interstate commerce through extortion, in that FERGUSON and his affiliated company, Xcel Construction Services, obtained payments and subcontracts from *Company L* and *Company A* worth more than $12.9 million from a contract to repair water mains on the east side of the City, with the consent of *Company L* and *Company A* induced by wrongful fear of economic harm and under color of official right.

All in violation of Title 18, United States Code, Sections 1951 and 2.

### COUNT ELEVEN
(18 U.S.C. § 1951 - Interference with Commerce by Extortion - Westside Sewer Repairs)

D-1   Kwame M. Kilpatrick
D-2   Bobby W. Ferguson

   1. The Grand Jury incorporates by reference paragraphs 1 through 6 of the "General Allegations" above, as well as Count One above, as if they were set forth in full herein.

   2. From in or about June 2006 to about 2008, in the Eastern District of Michigan, defendants BOBBY W. FERGUSON and KWAME M. KILPATRICK, <u>aiding and abetting each other</u>, did knowingly and unlawfully obstruct, delay and affect interstate commerce through extortion, in that FERGUSON obtained more

> than $5 million in sewer repair work on the west side of the City from *Company I*, with the consent of *Company I* induced by wrongful fear of economic harm and under color of official right.
>
> All in violation of Title 18, United States Code, Sections 1951 and 2.

(Fourth Superseding Indictment (emphasis added).)

Defendant Ferguson argues that Counts 4, 5, 9, and 11, which charge Hobbs Act extortion violations, 18 U.S.C. § 1951, under the "color of official right" theory should be dismissed because they fail to allege that a public official obtained a payment to which he was not entitled. More specifically, Ferguson argues that he was not a public official yet each of these Counts allege that he – rather than Kwame Kilpatrick, the public official – received the payment or financial benefit from the conduct alleged. The government responds that it is sufficient to allege – as the government did here – that a public official (Kwame Kilpatrick) and a private citizen (Ferguson) aided and abetted each other to extort property from another, without regard to who directly receives the proceeds of the extortion. Moreover, the government emphasizes, Counts 4, 5, 9, and 11 expressly incorporate the allegations in Count 1 of the indictment which, in turn, set forth in great detail the facts and circumstances underlying the extortionate conduct charged against Defendants. The Fourth Superseding Indictment alleges that Defendants engaged in a RICO conspiracy and violated the Hobbs Act, 18 U.S.C. § 1951, by pressuring vendors in the City of Detroit into partnering with Ferguson and his affiliated companies on City contracts. Relevant to Defendant Ferguson's motion, Count One alleges:

> As a result of their extortion and contract rigging, FERGUSON obtained tens of millions of dollars of work and revenues from municipal contracts and municipal contractors, a portion of which FERGUSON shared with other members of the Enterprise, including KWAME KILPATRICK.

(Fourth Superseding Indictment at ¶ 12.) Count One, the RICO conspiracy count, also alleges that Ferguson shared proceeds of the extorted City contracts with Kilpatrick in the form of large cash payments, donations to the Kilpatrick Civic Fund, and campaign contributions. (Fourth Superseding Indict., Count 1, ¶¶ 7-333.)

The Hobbs Act prohibits any person from obstructing, delaying, or affecting interstate commerce by robbery or extortion. 18 U.S.C. § 1951(a). "Extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). A public official commits extortion under color of official right when that official "obtains a payment to which he is not entitled, knowing that the payment was made in return for official acts." *United States v. Kelley*, 461 F.3d 817, 826 (6th Cir. 2006) (internal quotation marks and citation omitted). Moreover, it is well-settled in the Sixth Circuit that a private citizen "may be convicted of Hobbs Act extortion under the 'color of right' theory only if that private citizen either conspires with, or aids and abets, a public official in the act of extortion." *United States v. Saadey*, 393 F.3d 669, 675 (6th Cir. 2005) (citing *United States v. Collins*, 78 F.3d 1021, 1031-32 (6th Cir. 1996)).

Defendant Ferguson argues that the "color of official right" theory in Counts 4, 5, 9, and 11 should be dismissed because they allege that City contracts were extorted for the benefit of Ferguson and/or his affiliated companies and do not allege an attempt to extort money for Defendant Kwame Kilpatrick. Ferguson concedes that, under some circumstances, the "color of official right" theory for a Hobbs Act conviction may apply to a private citizen. He insists, however, that to use that theory, the government must allege and prove that the public official received the extorted payment, not the private party. The

5

government responds that a charge of extortion under "color of official right" does not require an allegation that a public official directly received the extorted property. There is support for the government's argument in Sixth Circuit precedent.

In *United States v. Collins*, the defendant husband of Kentucky's governor from 1983 to 1987 was charged with and convicted of "conspiring to extort money from those who sought to do business with the Commonwealth of Kentucky from October 1983 through 1989" in violation of the Hobbs Act, 18 U.S.C. § 1951. *Collins*, 78 F.3d at 1026-27. Defendant's wife, the governor, was not a co-conspirator. On appeal, the defendant husband argued that, "because he was not a public official, he could not be convicted of extortion under the color of official right theory." *Id.* at 1029. Rejecting that argument, the Sixth Circuit discussed with approval decisions from other Circuit Courts of Appeal that "reaffirmed the principle that a private person may be convicted of aiding and abetting a public official's extortion under the Hobbs Act." *Id.* at 1031. Although the *Collins* court focused on a different issue – whether a private person who held no state office but held himself out as "being capable of controlling the award of certain contracts and other state business" could be convicted under the "color of official right" theory – the evidence at the defendant husband's trial showed that at times he, rather than a public official, was the beneficiary of money extorted with the help of the co-conspirator public officials, e.g., using solicited payments from contractors who wanted state business for investments in a limited horse investment partnership he created as a means "of providing for [his and his wife's] retirement" and using another $35,000 solicited payment from a contractor to buy a custom-made piano as a gift for his wife. *Id.* at 1028.

Similarly, in *United States v. Kelley*, 461 F.3d 817 (6th Cir. 2006), the Sixth Circuit

upheld a conviction of a county executive's wife who was tried and found guilty of violating the Hobbs Act under the "color of official right" theory. While the defendant husband was a county official, he solicited a company who did business with the county and had a large contract pending "to host a dinner party to celebrate" the defendant wife's 50th birthday party. *Id.* at 823. The contractor "obliged, and on January 17, 1998, the Kelleys hosted an ornate birthday celebration at the Ritz-Carlton Hotel with approximately 100 people in attendance." *Id.* When the defendant wife gave the contractor the hotel bill, "he initially refused to pay it," but they "came up with a plan." *Id.* at 823-24. Defendant wife had the hotel reissue the bill in her name. Then, because she worked for a health care provider, she presented a bill for "health care consulting" to the contractor in the full amount owed the hotel for the birthday party "plus an extra amount for the taxes she would have to pay." *Id.* at 824. The contractor made a check payable to the defendant wife "for the illusory health care services," and she cashed the check and "had her bank issue a cashier's check payable to the Ritz-Carlton Hotel." *Id.* Affirming defendant wife's conviction under the Hobbs Act, the Sixth Circuit observed that, "Barbara Kelley, as a private citizen, can be convicted of aiding and abetting a public official in the official's extortion, and for conspiring with a public official to commit extortion," under the "color of official right" theory. *Id.* at 826. It concluded that the trial evidence showed that both the defendant husband (the public official) and the defendant wife (the private citizen) "worked together in their efforts to extort [the contractor], including a lavish birthday party for Barbara Kelley," the defendant wife. *Id.* at 826. As the *Kelley* court explained, defendant husband "first raised the idea to [the contractor] to pay for Barbara Kelley's birthday party. Barbara Kelley followed through on the plan by working out the billing details and providing false invoices for consulting work

that she did not perform. The Kelleys were able to fleece [the contractor] so readily because of the power [the defendant husband] held over [the contractor]'s multi-million dollar airport contracts." *Id.* at 826-27.

As both *Collins* and *Kelley* illustrate, the government is not precluded from pursuing an extortion conviction against a private individual who receives a benefit under the "color of official right" theory. None of the decisions Defendant Ferguson relies on holds that the public official, rather than the private citizen, must receive the benefit of extorted payments when the public official aided and abetted the private party in obtaining that extorted benefit. As the Sixth Circuit observed in *United States v. Abbey*, 560 F.3d 513, 518-19 (6th Cir. 2009), the relevant inquiry is not who received the extorted benefit but rather "whether the official extorted money through promises to improperly employ his public influence." The allegations in Counts 4, 5, 9 and 11 are that Defendant Ferguson (and sometimes Defendant Mercado) aided and abetted Defendant Kwame Kilpatrick in the improper employment of his influence as a public official to extort money or valuable work for Defendant Ferguson or one of his affiliated companies from companies that obtained City contracts on the projects identified in Counts 4, 5, 9 and 11. This is sufficient to state a Hobbs Act aiding and abetting violation under the "color of official right" theory. Because this is an instance where a private citizen is alleged to have aided and abetted a public official in the act of extortion, Defendant Ferguson may be convicted under Counts 4, 5, 9 and 11 of Hobbs Act extortion under the "color of official right" theory. *See Saadey*, 393 F.3d at 675. *Accord, United States v. Gray*, 521 F.3d 514, 534 (6th Cir. 2008) (observing that the Sixth Circuit recently "reaffirmed the principle . . . that the government remains free to charge private individuals with violating the Hobbs Act when they conspire with public

officials or aid and abett them in an extortion scheme. . . .").

For the above-stated reasons, Defendant Ferguson's motion to dismiss "color of official right" theory from Counts 4, 5, 9 and 11 is DENIED.

### 2. Defendant Bernard Kilpatrick's Joinder Argument - Count 15

In his joinder, Defendant Bernard Kilpatrick raises the same arguments as to Count 15 that were raised by Defendant Ferguson as to Counts 4, 5, 9, and 11.

Count 15 provides as follows:

COUNT FIFTEEN
(18 U.S.C. § 1951 - Attempted Interference with Commerce by Extortion - Sludge Contract)

D-3     Bernard N. Kilpatrick

   1. The Grand Jury incorporates by reference paragraphs 1 through 6 of the "General Allegations" above, as well as Count One above, as if they were set forth in full herein.

   2. From in or about December 20, 2007 to about April 18, 2008, in the Eastern District of Michigan, defendant BERNARD N. KILPATRICK did knowingly and unlawfully attempt to obstruct, delay and affect interstate commerce through extortion, namely, demanding payments from James Rosendall, including a payment of about $5,000 for no services rendered, and attempted to induce consent of Rosendall by wrongful fear of economic harm and under color of official right.

All in violation of Title 18, United States Code, Section 1951.

(Fourth Superseding Indictment, Count 15.)

For all the reasons discussed in connection with Defendant Ferguson's motion that Defendant Bernard Kilpatrick seeks to join, this Court DENIES Defendant Bernard Kilpatrick's request to dismiss the "color of official right" theory from Count 15. That Count incorporates the allegations in Count 1 of the Fourth Superseding Indictment. Count 1, in turn, recites the benefits received by Defendants Bernard and Kwame Kilpatrick in the joint

extortion of James Rosendall. (*See, e.g.,* Fourth Superseding Indictment at ¶¶ 238-63.) Contrary to Defendant Bernard Kilpatrick's arguments in his Joinder, the allegations in the Indictment suffice to allege that he extorted proceeds from James Rosendall under the "color of official right" theory.

### B. Conclusion

For the above-stated reasons, Defendant Ferguson's motion is DENIED, and Defendant Bernard Kilpatrick's similar request as to Count 15 is also DENIED.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: August 8, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2012, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager