UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KWAME KILPATRICK, ET AL.,

    Defendants.

_____/

Case No. 10-20403

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT MERCADO'S MOTION TO SEVER TRIAL FROM CO-DEFENDANTS [145]**

    This matter came before the Court at a hearing held on August 6, 2012 on Defendant Mercado's motion to sever [145]. Defendants Kwame Kilpatrick [176], Bernard Kilpatrick [179], and Bobby Ferguson [190] have filed joinders. Defendant Mercado and the government submitted supplemental briefing on the issue of severance on Friday, August 10, 2012. Defendant Mercado argues that he has been misjoined with Co-Defendants, in violation of Federal Rule of Criminal Procedure 8(b), and also argues that discretionary severance is warranted under Federal Rule of Criminal Procedure 14. For the reasons stated below, Defendant's motion to sever is DENIED.

**A.    Background**

    Defendants Mercado, Kwame Kilpatrick, Bernard Kilpatrick, and Bobby Ferguson have all been charged in a 46-count Fourth Superseding Indictment. Mercado is charged in Count 1, the RICO conspiracy (18 U.S.C. § 1962(d)); Count 4, Extortion (18 U.S.C. §§ 1951 and 2), Count 5, Extortion (18 U.S.C. §§ 1951 and 2); and Count 14, Obstruction of

Justice (18 U.S.C. § 1512(c)). Each of the non-RICO counts charged against Defendant Mercado arises out of the same series of acts or transactions that constitute the RICO conspiracy offense in Count 1.

**B.   Analysis**

   **1.   General Principles**

In *Zafiro v. United States*, 506 U.S. 534 (1993), the Supreme Court discussed Federal Rule of Criminal Procedure 8(b),[1] observing that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Id*. at 537. It recognized that joint trials "play a vital role in the criminal justice system," and "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* (internal quotation marks and citations omitted). After discussing Rule 8(b) and the reasons the Court has "repeatedly approved joint trials," the Court acknowledged that joinders that may be proper under Rule 8(b) "may prejudice either a defendant or the Government" and thus Federal Rule of Criminal Procedure 14[2] permits co-defendants' trials

---

[1]Fed. R. Crim. P. 8(b) provides that:

The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each court.

[2]Fed. R. Crim. P. 14 provides that:

If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

to be severed. *Id.* at 538.

Rejecting the defendants' argument for a bright-line rule, the *Zafiro* Court held that "[m]utually antagonistic defenses are not prejudicial *per se*," that "Rule 14 does not require severance even if prejudice is shown," but rather, the district court may, in its "sound discretion" tailor "the relief to be granted [under Rule 14], if any." *Id.* at 538-39.

With these general principles in mind, the Court considers Defendant Mercado's arguments for severance.

### 2. Defendant Mercado is Properly Joined with Co-Defendants - Fed. R. Crim. P. 8(b)

Relying on *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982), Defendant Mercado argues that severance is required under Rule 8(b) because the Fourth Superseding Indictment contains counts charged against the other Defendants that are unrelated to the counts charged against him and thus Defendants are improperly joined, i.e., Co-Defendants' alleged mail and wire fraud, nonprofit or campaign fund misappropriation, bribery, tax evasion, or money laundering, which have been charged in separate counts against one or more Co-Defendants but not against Defendant Mercado.

As to Count 1, the RICO conspiracy count, Defendant Mercado explains that he is not asking for a finding of misjoinder under Rule 8(b) but rather is attempting to show a high risk of prejudice weighing in favor of discretionary severance under Rule 14. (*See* Reply at 1-2; *see also* Mot. at 22 (acknowledging that "courts will generally not grant motions to dismiss single conspiracy charges based on the fact that multiple conspiracies actually exist.")) Defendant Mercado appropriately recognizes that he could not succeed on an

argument that he was misjoined with Co-Defendants in Count 1. As the Supreme Court observed in *Salinas v. United States*, 522 U.S. 52 (1997), "[t]here is no requirement of some overt act or specific act in [18 U.S.C. § 1962(d)], unlike the general conspiracy provision applicable to federal crimes, which requires that at least one of the conspirators have committed an 'act to effect the object of the conspiracy.'" *Id.* at 63 (quoting 18 U.S.C. § 371). "The RICO conspiracy provision, then, is even more comprehensive than the general conspiracy offense in § 371." *Id.* There is nothing in the RICO conspiracy provision that would "erode the common-law principle that, so long as they share a common purpose, conspirators are liable for the acts of their co-conspirators." *Id.* at 64.

> One can be a conspirator by agreeing to facilitate only some of the acts leading to the substantive offense. It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues, for the conspiracy is a distinct evil, dangerous to the public, and so punishable in itself.

*Id.* at 65. The *Salinas* Court upheld the defendant's RICO conspiracy conviction, rejecting his argument that § 1962(d) required the government to prove that the defendant conspirator agreed to commit two of the predicate RICO acts. *Id.* at 54. It explained that, although the defendant "did not accept or agree to accept two bribes [in violation of 18 U.S.C. § 666], there was ample evidence that he conspired to violate [18 U.S.C. § 1962(c)]." *Id.* at 66. "The evidence showed that [co-defendant] committed at least two acts of racketeering activity when he accepted numerous bribes and that [the defendant] knew about and agreed to facilitate the scheme. This is sufficient to support a conviction under § 1962(d)." *Id.*

Despite his concessions as to Count 1, Defendant Mercado presses the argument that, because there are many other counts in the indictment where he is not charged, he

4

has been impermissibly joined with Co-Defendants thus mandating severance under Rule 8(b). (Mot. at 23.) Simply stated, Defendant Mercado's argument is as follows. Although Count 1 -- the RICO conspiracy -- alleges as Racketeering Activity three separate conspiracies (bid-rigging, nonprofit/campaign fund fraud, bribery/extortion), Mercado was allegedly involved in only one of those conspiracies. Thus, he is impermissibly joined with Co-Defendants in an indictment that separately charges his Co-Defendants for alleged racketeering activity in which he was not involved. Consequently, that impermissible joinder requires severance under Rule 8(b). This argument lacks merit.

Defendant Mercado is charged, along with the other Defendants, as a participant in a RICO conspiracy, and the crimes charged in the remaining counts arise out of the same series of acts or transactions that constitute the RICO conspiracy offense. By virtue of the allegations describing the RICO enterprise, its objectives, the RICO conspiracy, and the racketeering activity, the joinder requirements of Rule 8(b) are satisfied. *See United States v. Dimora*, No. 1:10CR387, 2011 WL 5361129, *10 (N.D. Ohio Oct. 31, 2011) (reaching the same conclusion in a recent public corruption case). Rule 8(b) expressly provides that "[a]ll defendants need not be charged in each count," and the federal courts have observed that evidence of discrete crimes committed by only one defendant in the charged conspiracy merely entitles the uninvolved defendant to a limiting instruction. *See United States v. Franklin*, 415 F.3d 537, 556 (6th Cir. 2005). In the RICO conspiracy context, the Sixth Circuit has long recognized that "'[a] conspirator need not have agreed to commit every crime within the scope of the conspiracy, so long as it is reasonable to infer that each crime was intended to further the enterprise's affairs.'" *United States v. Gardiner*, 463 F.3d 445, 457 (6th Cir. 2006) (quoting *United States v. Hughes*, 895 F.2d 1135, 1140 (6th Cir. 1990)).

"Moreover, each conspirator does not have to '"participate in every phase of the criminal venture, provided there is assent to contribute to a common enterprise."' *Id.* (quoting *Hughes*, 895 F.2d at 1140).

Finding Defendants properly joined, the Court now considers Defendant Mercado's request for severance under Rule 14(a).

### 3. Defendant Mercado Has Not Met Burden for Permissive Severance - Fed. R. Crim. P. 14(a)

Defendant Mercado also urges the Court to grant a severance to avoid the risk of undue prejudice under Fed. R. Crim. P. 14(a). In *Zafiro*, the Supreme Court announced the test to be applied when deciding whether relief should be granted under Rule 14:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 <u>only if</u> there is a <u>serious risk</u> that a joint trial would compromise <u>a specific trial right</u> of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Id.* at 539 (emphasis added). The greater the risk of prejudice, the "more likely" the trial court is to "determine that separate trials are necessary," but as the Court previously indicated, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.*

The Sixth Circuit has addressed the defendant's burden under a Rule 14(a) motion to sever. "In order to prevail on a motion for severance [under Rule 14], a defendant must show <u>compelling, specific, and actual prejudice</u> from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005) (emphasis added). <u>It is the defendant's burden "to show</u> that an antagonistic defense would present a conflict 'so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that <u>this conflict alone demonstrates that both are guilty</u>.'" *Gardiner*, 463 F.3d at 473 (quoting

6

*United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (emphasis added)).

Defendant attempts to establish prejudice by arguing that (1) there are more charges against his Co-Defendants and thus the evidence against them is more extensive than that against him – unfair prejudicial spillover; (2) he will present a defense antagonistic to those of his Co-Defendants – that he was a victim and not a co-conspirator; and (3) he could present evidence in a separate trial that is not admissible in a joint trial. Defendant's arguments do not convince the Court that compelling, specific, and actual prejudice would result from this Court's denial of his motion to sever.

As to Defendant's first argument, it is well settled that a defendant is not entitled to a severance merely because the evidence is stronger or more extensive against a co-defendant. *See Gardiner*, 463 F.3d at 473; *Warner*, 971 F.2d at 1196. "Severance should not be granted where the same evidence is admissible against all defendants, nor should it be granted where evidence is admissible against some defendants but not others." *Gardiner*, 463 F.3d at 473. Rejecting an argument substantially similar to Defendant Mercado's here, the Sixth Circuit observed that "[j]uries are presumed to be capable of following instructions . . . regarding the sorting of evidence and the separate consideration of multiple defendants." *United States v. Walls*, 293 F.3d 959, 966 (6th Cir. 2002). Rejecting another argument Defendant raises here, the *Walls* court observed that "[e]ven when a defendant is able to show some potential for jury confusion, such confusion must be balanced against society's interest in speedy and efficient trials." *Id.* at 966-67. Where, as the government proposes to do here, evidence is compartmentalized, the risk of prejudicial spillover is lessened, and Defendant may even benefit from being able to highlight his lesser role. *See United States v. Hutchinson*, 573 F.3d 1011, 1030 (10th Cir.

7

2009) (affirming the trial court's denial of the defendant's Rule 14 motion to sever, observing that the court properly acknowledged that although the evidence introduced against his co-defendants carried the risk of spill-over prejudice against the defendant "the difference in culpability . . . might actually benefit [the defendant] by reinforcing his argument that he was just an 'errand boy,' not a conspirator," and further observing that the trial court properly determined that "the effect of any [spill-over] prejudice could be addressed through appropriate jury instructions.").

As to Defendant's second argument for severance, the Sixth Circuit requires that a defendant seeking a severance based on a claim of an antagonistic defense must show "that an antagonistic defense would present a conflict 'so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'" *Gardiner*, 463 F.3d at 473 (quoting *Warner*, 971 F.2d at 1196)). Defendant Mercado's defense – that he is a victim, not a co-conspirator – does not present a conflict that will allow the jury to unjustifiably infer that all Defendants are guilty. Moreover, despite Mercado's claims to the contrary, a jury could accept his claims without concluding that his Co-Defendants are guilty of the charged offenses.

Finally, Defendant's third argument – that there is Fed. R. Evid. 404(b) type evidence that would be admissible in his defense if he were trial separately but not admissible in a joint trial – is also rejected. Specifically, Defendant Mercado argues that there are certain text messages that are crucial to his defense that could be introduced in a separate trial, but not in a joint trial. As in his original brief, Defendant Mercado's supplemental briefing asserts that he will defend himself against the charges brought against him by using text messages that show that (1) he was not a member of former Mayor Kilpatrick's "inner

circle," consisting of staff, friends, and family members; (2) that they secretly schemed and plotted without Defendant Mercado's knowledge; (3) that he did not have the same motivation as they did to steer City business to Defendant Ferguson; and (4) that he did not benefit financially from his Co-Defendants' shared agenda to steer business to Defendant Ferguson or to otherwise benefit financially from the Kilpatrick administration. Defendant Mercado's arguments miss the point that, to be convicted on a RICO conspiracy count, he does not have to share his Co-Defendants' motivations. He can still be a coconspirator with them so long as he shared at least some of the illegal objectives charged in this case; that he knew about and agreed to facilitate the RICO conspiracy charged in Count 1. As the Supreme Court observed in *Salenas*:

> A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other. If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators.

522 U.S. at 63-64.

None of the arguments Defendant Mercado raises justify a separate trial. Defendant has not met his burden of showing "compelling, specific, and actual prejudice" if this Court denies his motion to sever under Rule 14(a). He has not met his burden of showing a conflict between his and his Co-Defendants' defenses that is "'so prejudicial that [their] defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that [all] are guilty.'" *Gardiner*, 463 F.3d at 473 (quoting *Warner*, 971 F.2d at 1196). While Defendants may pursue different trial strategies, this does not mean that there is an irreconcilable "logical inconsistency between their defenses." *United States v.*

*Graham*, 484 F.3d 413, 419 (6th Cir. 2007). Defendant Mercado can use text messages to point out in a joint trial that he was not a close personal friend or relative of former Mayor Kilpatrick, that he did not share in kickbacks or cash payments, and that he did not share his Co-Defendants' motivations. This does not make Defendant Mercado's defense logically inconsistent with that of his Co-Defendants. As the government points out, its theory of the case supports a distinction between Defendant Mercado and his Co-Defendants – that Mercado was a rung on the ladder beneath Defendants Kwame Kilpatrick and Ferguson, but played a pivotal role in the RICO conspiracy.

Moreover, if Defendant Mercado attempts to introduce text messages for the sole purpose of showing that one or more of his coconspirators had a bad character – i.e., that they had racist or sexist attitudes or used crude language – Federal Rules of Evidence 401 and 404 would prohibit it, regardless of whether Defendant Mercado were tried alone or jointly, because it does not tend to prove any fact in issue in the trial and it would be impermissible character evidence. Absent a logical argument that the jury would be forced to conclude that Co-Defendants are guilty in order to ascertain a reasonable doubt as to Defendant Mercado's guilt, Mercado fails to demonstrate prejudicial joinder. For all these reasons, his motion to sever is DENIED.

**C.   Conclusion**

For the above-stated reasons, Defendant Mercado's motion to sever is DENIED.


          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated:  August 14, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 14, 2012, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager